COLEMAN, Justice,
concurring in part and dissenting in part:
¶ 18. I agree with the majority’s opinion that the chancellor erred in finding that Gaiennie was in contempt of court. However, I also agree that the terms of the property-settlement agreement were unambiguous. However, I disagree that tuition is not a school expense. Therefore, I respectfully concur in part and dissent in part.
¶ 19. The Court has stated that if a contract is unambiguous, “ ‘the intention of the contracting parties should be gleaned solely from the wording of the contract’ and parol evidence should not be considered.” Epperson v. SOUTHBank, 93 So.3d 10, 16 (¶ 17) (Miss.2012) (quoting Turner v. Terry, 799 So.2d 25, 32 (¶ 16) (Miss.2001)). The Court must “accept the plain meaning of a contract as the intent of the parties where no ambiguity exists.” A & F Props., LLC v. Madison County Bd. of Supervisors, 933 So.2d 296, 301 (¶ 12) (Miss.2006) (quoting Ferrara v. Walters, 919 So.2d 876, 882 (¶ 13) (Miss.2005)).
¶ 20. In the case sub judice, the majority takes the position that tuition is not a school expense. Merriam-Webster defines “expense” as a “financial burden or outlay,” equating the term with “cost.” Merriam-Webster Collegiate Dictionary 408 (10th ed.1993). Merriam-Webster *138 goes on to define “tuition” as “the price of or payment for instruction.” Id. at 1271. Substituting in the definition of expense, the provision would read “any other [financial burden] related to daycare or school.” It is my opinion that such a provision would unambiguously include “the price of or payment for instruction,” which, I would imagine, parents across the country wholeheartedly would agree amounts to a “financial burden.” Accordingly, I would affirm the chancellor’s holding requiring Gaiennie to pay one-half of the children’s private-school tuition.